IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2200-BO

| | | |
|---|---|---|
| ANDREW FLETCHER, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | <u>O R D E R</u> |
| | ) | |
| TRACY JOHNS, | ) | |
|     Respondent. | ) | |

Andrew Fletcher, a federal inmate, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the court on the motion to dismiss (DE # 6) of respondent Tracy Johns ("respondent"). Petitioner responded, and the matter is ripe for adjudication. For the following reasons, the court grants respondent's motion.

## STATEMENT OF THE CASE

On December 10, 1991, petitioner was sentenced in the United States District Court for the Western District of North Carolina to a 360-month term of imprisonment for drug related criminal activity. Specifically, his convictions were for conspiracy to possess with the intent to distribute and distribution of cocaine and cocaine base, in violation of 21 U.S.C. § 846, possession with intent to distribute cocaine and cocaine base and aiding and abetting the same in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 and engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848. (Case Title: USA v. Collington, 1:90-CR-231-MR-DLH-1, W.D.N.C.D.E. # 3-1). On May 21, 2009, the sentencing court reduced (upon petitioner's motion) petitioner's sentence to 292 months' imprisonment pursuant to 18 U.S.C. § 3582. (<u>Id.</u> - D.E. # 7). Petitioner is currently incarcerated at Butner Low Security in Butner, North Carolina,

and, according to Petitioner, is projected to complete his sentence of imprisonment via the application of good conduct time credits on March 17, 2012. (D.E. #2 at 3).

On September 9, 2010, petitioner filed this action pursuant to 28 U.S.C. § 2241. In his petition, petitioner requests that this court issue a writ of habeas corpus ordering the Federal Bureau of Prisons ("BOP") to find him eligible for the early release incentive provided under 18 U.S.C. § 3621(e). As relief, petitioner requests that this court award him up to one year off of his sentence if he completes the BOP's residential drug treatment program "without regard to his prior conviction for armed robbery."

## DISCUSSION

A. Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). Thus, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a

claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

B.  Analysis

Petitioner contends he is eligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B). Respondent contends he is not eligible. Section 3621(e) provides: "The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." The BOP has established the following eligibility criteria for the early release incentive. The regulation provides as follows: "Inmates not eligible for release. As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release: . . . Inmates who have a prior felony or misdemeanor conviction for: . . . (iii) Robbery; (iv) Aggravated assault; . . . (vi) Kidnaping; . . . 28 C.F.R. § 550.55(b)(4)(iii), (iv), and (vi). Petitioner has three prior felony convictions for armed robbery, aggravated assault and possession of a firearm during a felony and kidnaping. (See pet., attachments, and mem. to rebut respt's mot. to dismiss). Because petitioner has these felony offenses, he is ineligible for early release pursuant to § 550.55(b)(4)(iii), (iv), and (vi).

Petitioner, however, argues that § 550.55(b) is illegal because it violates the Administrative Procedures Act. Petitioner relies upon the Ninth Circuit Court of Appeals decisions in Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008). The court in Arrington held that 28 C.F.R. § 550.58, was improperly promulgated under the APA, and that it was invalid. The Arrington court reasoned that the regulation violated the APA because the BOP "failed to set forth a rationale for its decision to categorically exclude prisoners convicted of offenses

involving the carrying, possession, or use of firearms from eligibility for a sentence reduction under § 3621(e)." Arrington, 516 F.3d at 1114. Petitioner also argues ex post facto violations.

First, the Ninth Circuit's rulings in Arrington is not binding upon this court. See e.g., Virginia Soc'y for Human Life, Inc v. Fed. Election Comm'n, 263 F.3d 379, 393 (4th Cir. 2001) (observing that "a federal court of appeals's decision is only binding within its circuit."). Second, subsequent to the Ninth Circuit's decisions in Arrington, the BOP adopted a new version of § 550.58, codified at § 550.55. Section 550.55 contains a much more detailed rationale the exclusion of certain classes of persons from eligibility for early release. The revised rationale states:

> Title 18 U.S.C. 3621(e) provides the Director of the Bureau of Prisons the discretion to grant an early release of up to one year upon the successful completion of a residential drug abuse treatment program. The regulation [550.55(b)(4)(i)-(vii)] provides that an inmate who has a prior misdemeanor or felony conviction for homicide, forcible rape, robbery, aggravated assault, arson, kidnaping, or child sexual abuse will not be eligible for early release.
>
> In exercising the Director's statutory discretion, we consider the crimes of homicide, forcible rape, robbery, aggravated assault, arson, and kidnaping, as identified in the FBI's Uniform Crime Reporting Program (UCR), which is a collective effort of city, state, tribal, and federal law enforcement agencies to present a nationwide view on crime. The definition of these terms were developed for the National Incident-Based Reporting System and are identified in the UCR due to their inherently violent nature and particular dangerousness to the public.
>
> The Director of the Bureau exercises discretion to deny early release eligibility to inmates who have a prior felony or misdemeanor conviction for these offenses because commission of such offenses rationally reflects the view that such inmates displayed readiness to endanger the public.

Drug Abuse Treatment Program, 74 Fed. Reg. 1892, 1895 (Jan. 14, 2009).

Third, the Fourth Circuit Court of Appeals has affirmed § 550.55, the BOP's current regulation, as a valid exercise of the BOP's discretion. See Austin v. Federal Bureau of Prisons, No. 6:09-485-MBS, 2010 WL 412815, (D.S.C. Jan. 27, 2010), aff'd, 382 Fed. Appx. 275 (4th Cir. 2010) (unpublished).

Lastly, petitioner must be mindful that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). The statute, 18 U.S.C. § 3621(b), does not create a constitutionally-protected liberty interest. Fristoe v. Thompson, 144 F.3d 627, 630 (10th Cir. 1998). Thus, because petitioner has no liberty interest in obtaining a sentence reduction under the statute, any due process claim is without merit. Moreover, Petitioner's ex post facto claim is also frivolous. Id. ("There is no ex post facto violation here, because the challenged regulation[, former 28 C.F.R. § 550.58,] did not affect the legal consequences of appellant's crime or increase his punishment.").

Based upon the foregoing, the court finds that plaintiff's challenge under the APA is meritless, and respondent is entitled to dismissal of the action. See Austin v. Federal Bureau of Prisons, No. 6:09-485-MBS, 2010 WL 412815, *5 (D.S.C. Jan. 27, 2010) (finding that "§ 550.55 is a valid exercise of BOP's discretion under § 3621(e)(2)(B)."), aff'd, 382 Fed. App'x 275 (4th Cir. Jun. 9, 2010); Jenkins v. Federal Bureau of Prisons, No. 08-3776-CMC-PJG, 2010 WL 412542, *5-6 (D.S.C. Jan. 28, 2010).

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE # 6) is GRANTED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this 22 day of July 2011.

                                         *Terrence Boyle*
                                    TERRENCE W. BOYLE
                                    UNITED STATES DISTRICT JUDGE